IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                                    Case Nos.: 3:08cr41/LAC
                                                                   3:09cv248/LAC/EMT

ALFREDO MATA

---

### REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 160). The Government has filed a response (doc. 164), and Defendant has filed a reply (doc. 175). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that Defendant has not raised any issue requiring an evidentiary hearing, Rules Governing Section 2255 Cases 8(a) and (b), and that the motion should be denied and dismissed.

### BACKGROUND

On May 20, 2008, Defendant and others were charged in a two-count indictment with conspiracy to possess with intent to distribute more than one hundred (100) kilograms of marijuana and possession with intent to distribute an unspecified amount of marijuana on a date certain (doc. 33). On May 28, 2008, the Government filed a Notice of Enhancement Information setting forth a single prior controlled substance offense that creates the impetus for the instant motion. The Government's notice contained a copy of a Judgment of Conviction , which judgment stated that on February 24, 2003, Defendant had been convicted of  "possession of controlled substance," which was a "state jail felony," punishable by "180 days – 2 years" (doc. 48 at 3). Defendant pleaded guilty to both counts of the federal indictment on June 24, 2008 (docs. 102–104, 108).

The presentence investigation report ("PSR") attributed 219 kilograms of marijuana to the Defendant, which corresponded to a base offense level of 26 (PSR ¶ 87). He received a four-level upward adjustment for his role in the offense and a three-level downward adjustment for acceptance of responsibility, for a total offense level of 27 (PSR ¶¶ 90, 93, 96). With 15 criminal history category points, Defendant's criminal history category was VI (PSR ¶¶ 99–107).

At sentencing, the district court sustained defense counsel's objection and imposed a three-level, instead of a four-level, aggravating role adjustment (doc. 163 at 7). With a revised total offense level of 26 and a criminal history category of VI, the applicable guidelines range was 120 to 150-months imprisonment. Because of Defendant's prior felony drug conviction, there was a mandatory minimum term of ten-years imprisonment on Count One (PSR ¶ 157). There was also a statutory maximum term of imprisonment of ten years on Count Two (*id.*). The court sentenced Defendant to a term of 146 months on Count One and the statutory maximum of 120 months on Count Two, with the sentences to run concurrently (doc. 163 at 10, doc. 144).

Defendant did not appeal. He raises a single ground for relief in his § 2255 motion, claiming that the 2003 controlled substance conviction should not have been used to enhance his sentence because it was actually a misdemeanor, rather than a felony. The government opposes the motion.

## LEGAL ANALYSIS

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255; Thomas v. Crosby, 371 F.3d 782, 811 (11th Cir. 2004); United States v. Phillips, 225 F.3d 1198, 1199 (11th Cir. 2000). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The "fundamental miscarriage of justice" exception recognized in Murray v. Carrier, 477 U.S. 478, 496, 106 S. Ct. 2678, 2649, 91 L. Ed. 2d 397 (1986), provides that it must be shown that

the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal. United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000); Mills v. United States, 36 F.3d 1052, 1056 (11th Cir. 1994); United States v. Rowan, 663 F.2d 1034, 1035 (11th Cir. 1981); Hidalgo v. United States, 138 Fed.Appx. 290 (11th Cir. 2005). Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255. Nyhuis, 211 F.3d at 1343 (quotation omitted). Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised. Sanders v. United States, 373 U.S. 1, 16, 83 S. Ct. 1068, 1077, 10 L. Ed. 2d 148 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Furthermore, a motion to vacate under section 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred. Lynn v. United States, 365 F.3d 1225, 1234–35 (11th Cir. 2004); Bousley v. United States, 523 U.S. 614, 118 S. Ct. 1604, 1610, 140 L. Ed. 2d 828 (1998); Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994) (recognizing that a ground is "available" on direct appeal when "its merits can be reviewed without further factual development"). Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent." Lynn, 365 F.3d at 1234; Bousley, 118 S. Ct. at 1611 (citations omitted). To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." Lynn, 365 F.3d at 1235. A meritorious claim of ineffective assistance of counsel can constitute cause. *See* Nyhuis, 211 F.3d at 1344. In this case, Defendant's claim could have been raised on appeal, had a direct appeal been taken. He seeks to overcome this procedural bar by couching the claim in terms of ineffective assistance of counsel.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. Massaro v. United States, 538 U.S. 500, 503, 123 S. Ct. 1690, 1693, 155 L. Ed. 2d 714 (2003); *see also* United States v. Patterson, 595 F.3d, 1324, 1328 (11th Cir. 2010). The benchmark for judging a claim of ineffective assistance of counsel is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland v. Washington, 466 U.S. 668, 686, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). To show a violation of his constitutional right to counsel, Defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Id.,* 466 U.S. 668, 686, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d (1984); Williams v. Taylor, 529 U.S. 362, 390, 120 S. Ct. 1495, 1511, 146 L. Ed. 2d 389 (2000); Gaskin v. Secretary, Dept. of Corrections, 494 F.3d 997, 1002 (11th Cir. 2007). "Strickland's two-part test also applies where a prisoner contends ineffective assistance led him or her to enter an improvident guilty plea." Yordan v. Dugger, 909 F.2d 474, 477 (11th Cir. 1990) (*citing* Hill v. Lockhart, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985)); United States v. Pease, 240 F.3d 938, 941 (11th Cir. 2001). In applying Strickland, the court may dispose of an ineffective assistance claim if defendant fails to carry his burden on either of the two prongs. 466 U.S. at 697, 104 S. Ct. at 2069. In this case, Defendant's motion fails on both prongs.

First, Defendant has not established that counsel's failure to challenge the consideration of the prior controlled substance offense as a felony drug offense for enhancement purposes was below an objective and reasonable norm. The Controlled Substances Act defines a "felony" as an offense for which "the maximum term of imprisonment authorized" exceeds one year. Ferguson v. United States Attorney General, 563 F.3d 1254, 1257 n.6 (11th Cir. 2009) (quoting 18 U.S.C. § 3559(a)). The Judgment of Conviction ("JoC") for Defendant's February 24, 2003, Texas conviction described the degree of the charged offense as a "State Jail Felony" (doc. 48 at 3; doc. 160 at 11). It also listed the applicable punishment range as "State Jail Felony 180 days – 2 years" (*id.*). The JoC indicated that Defendant had been charged via indictment, although he pleaded guilty to an information (*id.*). His ultimate punishment and place of confinement was eleven months incarceration at the "State Jail Felony Punishment Facility" (*id.*). The word "misdemeanor" was mentioned nowhere on the JoC.

Thus, there was nothing on the face of the JoC which would have alerted Defendant's attorney to what his former client now claims, that is, that he was actually convicted only of a misdemeanor.

Additionally, there is no evidence that Defendant himself ever gave counsel any reason to believe that the conviction was not a felony. In an unsworn letter to AUSA Davies, Stephen Sutherland (Defendant's counsel) explains his interaction with his client with respect to this offense (doc. 164, app. A). Counsel notes that the offense was reflected as a felony in the pre-trial services report, and Defendant raised no questions about it (*id.*). After the Notice of Enhancement was filed, counsel reports that Defendant denied that he was the Alfredo Mata charged in the Texas case (*id.*). Counsel raised this concern with the Probation Office and the AUSA, which office subsequently provided a statement indicating that the fingerprints of the individual convicted in Texas matched Defendant's fingerprints (*id.*). Defendant seemed satisfied with this information, and he never raised the issue that he believed he had been convicted of a misdemeanor either at that time, or later when he and counsel reviewed his PSR together (*id.*). The record corroborates what is stated by counsel: "[t]here was no indication that [the conviction] was something other than a felony" (*id.*).

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." Strickland, 466 U.S. at 688, 104 S. Ct. at 2065; *see also* Dingle v. Secretary for Dept. of Corrections, 480 F.3d 1092, 1099 (11th Cir. 2007). "[R]eviewing courts must indulge a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance." Yordan, 909 F.2d at 477 (citing Harich v. Dugger, 844 F.2d 1464, 1469 (11th Cir. 1988); Dingle v. Secretary for Dept. of Corrections, 480 F.3d 1092, 1099 (11th Cir. 2007); Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000). To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); Chandler v. United States, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc)). Under the circumstances of this case, counsel's decision not to challenge the conviction in question was unassailable. In fact, Defendant apparently concedes this as he does not attempt to challenge this portion of the Government's argument in his response.

Defendant's failure to establish that counsel's performance was deficient is alone sufficient to defeat his motion. However, the court also notes that he fails the second prong of Strickland, as he also fails to establish prejudice. The 146-month sentence he received in accordance with the guidelines was well in excess of the ten-year statutory minimum mandatory (due to the prior felony conviction). Therefore, Defendant's case presents the relatively unusual situation where the "enhancement" actually had no effect on his sentence. Furthermore, to the extent he claims that the two criminal history points he received for the prior drug conviction were improperly attributed to him, even if both points were totally eliminated from scoring, he still would have had 13 points, sufficient to support the criminal history category of VI and the guidelines range of 120 to 150 months.

In Defendant's reply memorandum he claims that he suffers adverse consequences within the BOP because it considers the minimum mandatory when making custody classification determinations, and therefore this "error" has a detrimental impact on the execution of his sentence. *See* Bureau of Prisons Program Statement 5100.08. Furthermore, he notes that allowing the minimum mandatory to stand could potentially have a future negative impact on him if at some point in time the marijuana Sentencing Guidelines are retroactively amended. Even if Defendant is correct and one or both of these arguments holds some truth, neither saves Defendant's motion from his failure due to his inability to satisfy the first prong of Strickland.

Although section 2255 mandates that the court conduct an evidentiary hearing "unless the motion and files and records conclusively show that the prisoner is entitled to no relief," a defendant must support his allegations with at least a proffer of some credible supporting evidence. *See* Chandler v. McDonough, 471 F.3d 1360 (11th Cir. 2006) (citation omitted); Hill v. Moore, 175 F.3d 915, 922 (11th Cir. 1999) ("To be entitled to an evidentiary hearing on this matter [an ineffective assistance of counsel claim], petitioner must proffer evidence that, if true, would entitle him to relief."); Ferguson v. United States, 699 F.2d 1071, 1072 (11th Cir. 1983). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. Peoples v. Campbell, 377 F.3d 1208, 1237 (11th Cir. 2004); Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991); Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted). No evidentiary hearing is warranted in this case.

## CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. That the motion to vacate, set aside, or correct sentence (doc. 160) be **DENIED** and **DISMISSED**.

2. That a certificate of appealability be **DENIED.**

At Pensacola, Florida, this 23rd day of September 2011.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**